UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL MICHAEL KING,

                     Plaintiff,

v.

M.T. PUERSHNER, *et al.*,

                     Defendants.

No. 17-CV-1373 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Plaintiff Lionel Michael King ("Plaintiff") initiated this Action, pursuant to 42 U.S.C. § 1983, on February 22, 2017, against several prison officials at Sullivan Correctional Facility ("Sullivan"). (*See* Compl. (Dkt. No. 1).) On September 19, 2019, the Court issued an Opinion & Order granting Defendants' motion for summary judgment, dismissing Plaintiff's claims with prejudice and giving him 30 days to file an amended complaint including a claim for sexual assault. (Opinion & Order (Dkt. No. 107).) The Opinion & Order explained that if Plaintiff failed to abide by the 30-day deadline he would lose his opportunity to amend and the Action would be closed. (*Id.*) The Clerk of Court mailed a copy of the Opinion & Order to Plaintiff the next day. (*See* Dkt. (entry for Sept. 20, 2019).)

On November 4, 2019, the issued an Order to Show Cause directing the Plaintiff to explain why the case should not be dismissed. (Dkt. No. 109.) The Order informed Plaintiff that if he failed to "show cause, by no later than 30 days from the date of this Order, as to why this case should not be dismissed," the Court would then "dismiss this case with prejudice without further notice." (*Id.*) More than 30 days have now elapsed, and as of the date of this Order,

Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court since August 29, 2019. (*See* Dkt. No. 106.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) (italics omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's

2

right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations omitted) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)); *Hardimon*, 2014 WL 2039116, at *1.

Here, the Court concludes that the first two factors weigh decisively in favor of dismissing this Action. The Court has already granted Defendants' motion for summary judgment in its entirety but permitted Plaintiff to amend his Complaint to pursue his "belatedly raised sexual assault claim" if he filed an amended complaint within 30 days. (Dkt. No. 107.) Nevertheless, Plaintiff has not communicated with the Court since his letter of August 29, 2019. (Dkt. No. 106.) Plaintiff failed to respond despite repeated directives from the Court and warnings that dismissal with prejudice was imminent. (Dkt. Nos. 107, 109.)

Accordingly, this Action is dismissed for failure to prosecute. *See Ramsaran v. Abraham*, No. 15-CV-10182, 2017 WL 6542499, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing certain claims for failure to prosecute when the plaintiff did not comply with a court order); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (dismissing case and noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case" (italics omitted)); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the plaintiffs failed to respond to correspondence from defense counsel and the court received no communication from the plaintiffs for nearly two months).

3

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and close this case.

SO ORDERED.

DATED: December 11, 2019
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE